BARRY W.ROREX (AZ Bar #025910)
LAW OFFICE OF BARRY W. ROREX
2 E. CONGRESS, SUITE 900
TUCSON, AZ 85701
Telephone: (520) 495-7596
Facsimile: (520) 838-8061
Email: barry@brorexlaw.com
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SEAN PATRIC COEN and KELLY JEAN COEN,<br><br>Debtors. | Case No. 4:09-bk-30662-EWH<br><br>Proceedings under Chapter 13<br><br>**DEBTORS' SECOND AMENDED MOTION TO DETERMINE VALUE AND STATUS OF JUNIOR MORTGAGEE'S CLAIM AS A WHOLLY UNSECURED CLAIM AND TO VOID THE LIEN OF JUNIOR MORTGAGEE** |

Debtors, Sean Patric Coen and Kelly Jean Coen, by and through the undersigned attorney, and pursuant to 11 U.S.C. § 506(a) and Fed.R.Bankr.P 3012 and 9014, hereby move this Court for a determination of the value and status of junior mortgagee, Mortgage Lenders Network USA, Inc., a Delaware corporation, or its successors and assigns ("MLN"), for an Order voiding the lien of the junior mortgagee, and show as follows:

1. Debtors commenced this case on November 29, 2009 with the filing of a Petition under Chapter 13 of the Bankruptcy Code.

2. As listed on Schedule A, Debtors own a single family home in which they reside at 7211 East Luana Place, Tucson, Arizona 85710 ("Subject Property").

3. The Subject Property is described more fully as:

    Lot 100 of KINGSTON KNOLLS TERRACE, a subdivision of Pima County, Arizona, according to the map or plat of record in the office of the County Recorder in Book 12 of Maps and Plats at page 71 thereof.

4. The Subject Property currently has a fair market value of $122,500 as shown on the

- 1 -

attached appraisal prepared October 30, 2009 and attached as Exhibit "A" hereto.

5. Creditor US Bank National Association as Trustee, ("USB") holds a first mortgage lien on the Subject Property. This lien arises from a purchase money mortgage secured by a Deed of Trust Debtors granted to USB, or its predecessor, recorded in the Pima County Recorder's Office at Docket No. 12669 and Page 7851 on October 28, 2005.

6. The current indebtedness secured by Debtors' first mortgage held by USB is $281,083.40, as evidenced by the proof of claim in this amount filed in this case by USB. (Proof of Claim No. 2). A copy of USB's proof of claim with its supporting documents, including note and mortgage, is attached as Exhibit "B" hereto.

7. On or about September 26, 2005 Debtors entered into a loan transaction with MLN. In connection with this transaction, Debtors executed a second mortgage to MLN in the amount of $34,200. The MLN mortgage is purportedly secured by the subject property. MLN recorded its lien on the subject property on September 29, 2005 in the records of the Pima County Recorder's Office at Docket No. 12649 and Page No. 6184.

8. The lien securing any claim by MLN is junior to the first lien of USB, whose lien exceeds the fair market value of the subject property.

9. The value of the MLN junior mortgage 's interest in the Debtors' estate's interest in the subject property is $0.00.

10. Pursuant to 11 U.S.C. § 506(a), the allowable secured claim by MLN is $0.00. The MLN mortgage is wholly unsecured.

11. Under the terms of their Amended Chapter 13 Plan dated 4/18/11 (Paragraph J), the Debtors provide for payment to MLN consistent with the treatment of all other general unsecured creditors.

12. MLN has not filed a Proof of Claim in this case. A copy of MLN's recorded Deed of Trust, is attached as Exhibit "C" hereto.

13. In view of the wholly unsecured nature of the second mortgage, any Claim by MLN must be disallowed as a secured claim.

WHEREFORE, Debtors respectfully request this Court to enter an Order providing that:

a. The secured interest of creditor MLN in the subject real estate is $0.00;

b. Any claim MLN may be entitled to shall be allowed only as a general unsecured claim;

c. MLN's lien on the real property located at 7211 East Luana Place, Tucson, Arizona 85710, and specifically any lien described in the mortgage and note from the Debtors to MLN and recorded in Pima County records at Docket 12649, Page 6184, will become void upon the Debtors' completion of their Chapter 13 Plan;

d. Upon completion of their Chapter 13 plan, MLN shall file a Release of the Deed of Trust with the Pima County Recorder's Office;

e. In the event that the holder of the first lien on the subject property forecloses on its security interest and extinguishes MLN's Second Deed of Trust prior to Debtors' completion of a Chapter 13 Plan, MLN's lien shall attach to any surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

Dated: June 18, 2012.

**THE LAW OFFICE OF BARRY W. ROREX, PLC**

By    **/s/ Barry W. Rorex**
**Barry W. Rorex, Attorney for Debtors**

A copy of the foregoing was electronically transmitted via ecf and sent by U.S. Mail this 18th day of June, 2012 to:

Mortgage Lenders Network USA
213 Court St.
Middleton, CT 06457

Michael A. Bosco, Jr.
Tiffany & Bosco PA
2525 E Camelback Rd 3rd Fl
Phoenix, AZ 85016-4237

Chapter 13 Trustee
Dianne C. Kerns
7320 N. LaCholla, #154
PMB413
Tucson, AZ 85741

   **/s/ Barry W. Rorex**
Barry W. Rorex